IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

2022 MAR -1  AM 8: 01

KENIO CRICHLOW

    Plaintiff,                                                                  )
                                                                                          )
                                                                                          )
                                                                                          )
                                                                                          )
                                                                                          )  Civil Action No. __22-__  272
                                                                                          )
                v.                                                      )
                                                                                          )
DELAWARE DEPARTMENT OF CORRECTIONS, JOHN CAREY  )
CLAIRE DEMATTIES, DR. AWELA N. MADUKA EZEH, ROBERT MAY,  )
                                  PECK
J. PARKER, DR. EMILIA ADAH, S/LT. AND LT. TRAVIS,                      )

    Defendants,

## Class Action Complaint For Declaratory

## And Injunctive Relief

### Introduction

1. Plaintiff Keith Crichlow, files this complaint for Class Action Declaratory and Injunctive Relief against above listed defendants. The plaintiff is confined at James T. Vaughn Correctional Center (J.T.V.C.C.) who as a result of the policies, practices and actions adopted and undertaken by the defendants contracted COVID-19 (also known as the Coronavirus) in addition to suffering a severe disease and possible death. The current and previous conditions of confinement at J.T.V.C.C. (Dorm T1 and T2) remain same as initial outbreak of Covid-19. The beds in both dorms are welded to the floor and house fifty inmates each. The current conditions of confinement

create a heightened and unreasonable risk of exposure to Covid-19. A substantial risk of severe illness and or death for the plaintiff who is elderly, medically vulnerable. So far, between the two dorms, 13 inmates have died as a result of Covid-19 illnesses. The plaintiff on April 30,2020, 0530 p.m., marched through the rain on behalf of all other similar inmate situations such as his, Covid-19, seek immediate changes in the conditions or their confinement, to protect them from this clear and present danger of disease and death, and to ensure humane living conditions, as required by the United States Constitution. Plaintiff seeks injunctive relief that would require, among other things: Defendant to comply with recognized public health and safety measures as adopted by the Center For Disease Control and Prevention ("CDC) to prevent the spread of the virus for those confined at J.T.Y.C.C.

2. Absent the implementation of and strict adherence to emergence measures that comply with recommended public health and safety measure the current delta variant will possibly double number of previous deaths these in these two dorms.

3 Both dorms house vaccinated and those who refuse to be vaccinated Defendants' Carney and Dematties stated in the news media refused to release inmates, when several housed in the two dorms had serious medical issues. One died had less than sixteen months remaining on his sentence. As with plaintiff and the majority of individuals housed in both dorms 55 and older with medical conditions that placed them at heightened risk of threatening severe illnesses or death i.e. Covid-19. The Delaware prison system is plaqued by persistent unremedied failures to provide constitutionally adequate medical care to those imprisoned at J.T.V.C.C.

4. Prisons have become an epidemic of COVID-19 throughout the country to comply with basic Constitutional guarantees against cruel and unusual punishment and due process of law, conditions must be substantially improved to adhere toC.D.C. guidelines for social distancing, enhanced sanitation and hygiene practices.

I. Jurisdiction and Venue

5. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1343 because These matters in controversy arise under the Constitution and laws of the United States. The civil Action seeks declaratory and injunctive declaratory relief under 28 U.S.C. 1343, 2201 and 2202 and 42 U.S.C. 1983

6. Plaintiff has exhausted administrative remedies available to him prior to this 42 U.S.C. 1983 Civil Rights claim in accordance with the Prison Litigation Reform Act, 42 U.S.C. 1997 (c), (a). Sgt. Matthew Dutton, Grievance Committee Chairman, return several grievances unprocessed, conclusion, not considered grievances

Parties

Named Plaintiff

7. Plaintiff Kenio Crischlow ~~William Durant~~ currently incarcerated at J.J.V.C.C., has suffered substantial risk and serious harm as a result of Defendant's deliberate indifference to address Covid-19 and Delta variant issues.

Defendants

8. Defendant John Carney ("Carney"), is the Governor of the State of Delaware. He is being sued in his official capacity. The governor is also the Chief Executive Officer of the State of Delaware and is responsible for ensuring provision of constitutionally adequate care and housing of the incarcerated. In all his actions described in this complaint, Carney is acting under the color of state law and the course his employment.

9. Defendant Claire DeMatties ,former Commissioner of Corrections is being sued in her official capacity. As former commissioner, Ms. DeMatties was responsible for establishing monitoring ,enforcing overall operations and practices of the Delaware prison system. In all her actions described in this complaint, Ms. DeMatties was acting under the colors of the state law through the course of her employment.

10. Defendant Dr. Awela N. Maduka Ezeh ("Ezeh"),is the Medical Director for DPC and is sued in her official capacity. As Medical Director, Dr. Ezeh is responsible for ensuring that DPC healthcare policies, directives and protocols are properly implemented, contractors hired to provide treatment/healthcare throughout the DOC system. In all her actions described in this complaints, Dr. Ezeh is acting under the color of the state Law and in the course of her employment, Defendant Ezeh sued in her individual and official capapcities.

11. Defendant Robert May is the Warden of the J.T.V.C.C. At all times described herein, he was actively under the colors of the state law. As warden, he is responsible for ensuring constitutional conditions of confinement at J.T.V.C.C. He is sued in his individual and official capacity for declaratory injunctive relief.

12. Defendant J. Parker ("Parker is the Deputy Warden at J.T.V.C.C.) At all times herein, he was acting under the color of the state law. He is responsible for ensuring constitutional conditions of confinement At J.T.V.C.C. He is sued inn his individual and official capacities.

13. Defendant Dr. Emilia Adah is Medical Director at J.T.V.C.C. As medical director, Dr.Adah is Is responsible for ensuring that J.T.V.C.C. healthcare policies are properly implemented. She is also responsible for providing medical treatment.

14. Defendant S/Lt. Peck ("Peck") is, and all times relevant to this litigation is a Staff Lieutenant at J.T.V.C.C , employed by DOC, is sued in his official and individual capacities.

15. Defendant Travis ("Travis") is, and all times relevant to this litigation, a Lieutenant at J.T.V.C.C., employed by DOC, is sued in her official and individual capacities.

Facts

16. On April 30, 2020 at approximately 05:30 p.m., twenty-one inmates housed at T-21 at J.T.V.C.C. were informed that they tested positive for COVID-19. I was seriously ill as other inmates were moved. We were required to walk a distance about two blocks in drenching rain pushing carts containing our personal effects. This was ordered by Staff Lieutenant Peck and Lieutenant Travis; both were aware of the inclement weather. I lacked coat or any type of rain gear. Correctional Officers Parsons and Payton escorted us. My illness was so serious that I had to be transferred to an outside hospital four days the first time and six days the second time.

17. Each of the defendants were fully aware of the seriousness of Covid-19 problem at J.T.V.C.C., and had nothing in place to address it.

18. Plaintiff Keino Chrichlow brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of self and a class of similarly situated individuals. Common questions of law and fact exist as to all members of proposed class: All have the right to receive adequate <u>Covid -19 prevention and treatment.</u>

19. Defendants have acted on grounds generally applicable to all proposed class members, and This action seek declaratory and injunctive relief. Their existed unconstitutional conditions of Confinement in violation of the Eighth and Fourteenth Amendments of the U.S. Constitution .

20. Defendants currently are unable to comply with public health guidelines to address Covid-19, Delta Varian prevention and treatment.

21. Common questions of law and fact exist as to all member of the proposed classes: All have the right to receive adequate Covid-19, Delta Varian prevention and treatment.

## REQUEST FOR RELIEF

Plaintiff Keino Crichlow respectfully requests that the Court orders the following:

a. Certification of this case as a class action under Fed.R.Civ.P.23(6)(2)'
b. Court appoint counsel
c. Aware plaintiff and members of class punitive damages;
d. An award of attorney fees; and
e. Any further relief this court deems just and appropriate
f. Positive and compensatory damages determined by Court
g. Immediately provide at least six spacing feet spacing between bunks in each dorm
h. Due complexity of case counsel appointed
i. Other actions Court deem proper and just
j. Certify as class action litigation 25 other possible defendants

*K. Crichlow #579051*

Keino Crichlow, 579051

Dated: December 15, 2021