IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENIO CRICHLOW, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 22-272-RGA |
| DELAWARE DEPARTMENT OF CORRECTION, et al., | : |
| Defendants. | : |

## MEMORANDUM ORDER

At Wilmington, this 9th day of December, 2022;

IT IS ORDERED that Plaintiff Kenio Crichlow's request for counsel (D.I. 10) is **DENIED** without prejudice to renew, and Crichlow's motion for class certification (D.I. 11) is **DENIED**.

**Request for Counsel.** Crichlow requests counsel on the grounds that he is unable to afford counsel, he has been unsuccessful in his attempts to retain *pro bono* counsel, the case is complex, he has filed a motion for class certification, he has limited access to legal materials and no ability to investigate, the case will require discovery and expert medical testimony, and he is hampered by medical problems arising from his contraction of COVID-19 in April 2020. A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v.*

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989) (noting that § 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in

*Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, courts should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Crichlow's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel at this time. Based on my review of the complaint, which centers on a two block march by 21 inmates, who had tested positive for COVID-19, in the pouring rain on April 30, 2020, the case is not complex, and Crichlow appears to have the ability to present his claims. In addition, this case is in its very early stages. Finally, as

the statute being "request.").

discussed below, I will deny Crichlow's motion for class certification, which, if granted, could have added to the complexity of the case.

**Motion for Class Certification.**  As noted, Crichlow alleges that he was among a group of 21 inmates who were forced in April 2020 to walk in the rain after testing positive for COVID-19.  (D.I. 3 at 4).  In his motion, Crichlow seeks to certify a "class composed of 21 inmates who currently or were required [to] walk a distance [of] about two block[s] in drenching rain pushing carts containing their personals," after testing positive for COVID-19, with many being severely ill.  (D.I. 11 at 1).

Four prerequisites must be met to obtain certification of a class: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  *See* Fed. R. Civ. P. 23(a).

Regarding the first prerequisite, numerosity, the Third Circuit has explained that, while "no minimum number of plaintiffs is required to maintain a suit as a class action," classes comprised of 20 or fewer members are generally insufficiently numerous, classes containing over 40 members are generally sufficiently numerous; and classes of 21 to 40 members "may or may not meet the numerosity requirement depending on the circumstances."  *In re Modafinil Antitrust Litig.*, 837 F.3d 238, 249-50 (3d Cir. 2016) (citations and internal quotations omitted); *see also Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001).  Crichlow's proposed class of 21 inmates is situated at the low

end of the middle category.[2]

The question becomes whether joinder would be impracticable for a proposed class falling in this middle range, as opposed to proceeding as a class action. *Id.* at 252-53. To answer this question, Courts consider the following non-exhaustive list of factors to determine whether the proposed class is sufficiently numerous: (1) judicial economy; (2) the proposed class members' ability and motivation to litigate as joined plaintiffs; (3) the class members' financial resources; (4) the geographic dispersion of class members; (5) the ability to identify future claimants; and (6) whether the claims are for injunctive relief or damages.[3] *Id.* The first two factors are given the most weight. *Id.* Upon consideration of these factors, I conclude that joinder would not be impracticable, noting in particular that judicial economy and Crichlow's 20 fellow inmates' ability and motivation to litigate as joined plaintiffs would not be impediments, that there is little to no geographic dispersion of the inmates, that there is no need to identify future claimants, and that Crichlow's complaint seeks damages in addition to injunctive relief. *Cf.* 5 James Wm. Moore, et al., Moore's Federal Practice § 23.22 ("In cases in which only injunctive or declaratory relief is sought, some courts have held that the numerosity requirement is relaxed.").

---

[2] Although Crichlow states in his motion for class certification that "[t]he approximate number of the class may exceed 21," (D.I. 11 at 1), his proposed class is defined to include only the group forced to walk in the rain, which he has alleged in his complaint and motion was a group of 21 inmates.

[3] "These factors are only relevant to a binary choice at the certification stage: a class action versus joinder of all interested parties," and courts "do not consider the possibility that plaintiffs may bring individual suits." *Modafinil Antitrust Litig.*, 837 F.3d at 253.

Furthermore, regarding the fourth and final prerequisite for certifying a class, adequacy of representation, I note that Crichlow is an incarcerated individual and he appears *pro se*. "[P]*ro se* litigants are generally not appropriate as class representatives." *Hagan v. Rogers*, 570 F.3d 146, 158-59 (3d Cir. 2009) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action)). Crichlow may not represent other plaintiffs or proceed as the class representative and, as discussed above, I will deny his request for counsel. Inasmuch as Crichlow proceeds *pro se*, I conclude that class certification is inappropriate for this additional reason. *See Hagan*, 570 F.3d at 159 (noting that it was inappropriate for the district court to deny class certification on the basis of inadequate representation without first deciding the plaintiff's motion to appoint counsel as the district court had deferred any consideration of the plaintiff's motion to appoint counsel).

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE