IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KENIO CRICHLOW,                          :
                                         :
              Plaintiff,                  :
                                         :
       v.                                : Civil Action No. 22-272-RGA
                                         :
DELAWARE DEPARTMENT OF                    :
CORRECTION, et al.,                       :
                                         :
              Defendants.                 :

## MEMORANDUM ORDER

At Wilmington, this 2nd day of June, 2023;

IT IS ORDERED that Plaintiff Kenio Crichlow's requests for counsel (D.I. 21, 32)

are **DENIED** without prejudice to renew, and Crichlow's request to stay response to

Defendants' motions to dismiss (D.I. 33) is **DISMISSED** as moot.

Crichlow requests counsel on the grounds that he is unable to afford counsel, he

has been unsuccessful in his attempts to retain *pro bono* counsel, the case is complex,

the case may become a class action and he is unable to represent the class, he has

limited access to legal materials and no ability to investigate, and the case will require

discovery and expert medical testimony.  A *pro se* litigant proceeding *in forma pauperis*

has no constitutional or statutory right to representation by counsel.[1]  *See Brightwell v.*

*Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir.

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301
(1989) (noting that § 1915(d) (now § 1915(e)(1)) does not authorize a federal court to
require an unwilling attorney to represent an indigent civil litigant, the operative word in
the statute being "request.").

1993).  However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, courts should consider a number of factors when assessing a request for counsel.  Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony.  *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Crichlow's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel at this time.  As I previously determined in denying Crichlow's previous request for counsel (D.I.13), based on my review of the complaint, which centers on a two block march by 21 inmates, who had tested positive for COVID-19, in the pouring rain on April 30, 2020, the case is not complex.  Furthermore, Crichlow appears to have the ability to present his claims.

Plaintiff requests a stay of the deadlines to respond to Defendants' motions to dismiss until this Court has ruled on his requests for counsel.  The Court having denied

2

his counsel requests, Plaintiff's stay request is moot.  Responses to the motions to dismiss must be filed within twenty-one days of the date of this order to be deemed timely, which is an extra week over what the rule provides.  *See* D. Del. LR 7.1.2(b).

UNITED STATES DISTRICT JUDGE