IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENIO CRICHLOW | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-272 (RGA) |
| | ) |
| S/LT. PECK, LT. TRAVIS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington, this 12th day of September 2024, having considered Defendants' motion for summary judgment (D.I. 55);

IT IS HEREBY ORDERED that that Plaintiff shall show cause on or before the 7th day of October 2024, why Defendants' motion for summary judgment should not be granted.

Plaintiff, a *pro se* litigant, commenced this action on March 1, 2022. (D.I. 1-4.) In his Complaint, Plaintiff asserts civil rights claims relating to COVID-19 against numerous Defendants. (D.I. 3). I dismissed most of the claims and most of the defendants. (D.I. 38). What remains are allegations that after Plaintiff tested positive for COVID-19, he was "required to walk a distance about two blocks in drenching rain pushing [a cart] containing [his] personal effects" without rain gear alongside twenty other inmates who had tested positive. (*Id.* at 4). Subsequently, Plaintiff had two hospital stays, one for four days, and another for six days. (*Id.*). The remaining defendants are the two officers who ordered the two block walk.

On June 3, 2024, Defendants filed a motion for summary judgment. (D.I. 55). Defendants argue that Plaintiff's Complaint fails to meet the elements of an Eighth Amendment violation for cruel and unusual punishment, Plaintiff failed to exhaust his administrative remedies, and Defendants are entitled to qualified immunity. (*Id.* at 8-16). Plaintiff was ordered to file an

answering brief or response to Defendants' motion for summary judgment by July 19, 2024. (D.I. 58). This deadline passed nearly eight weeks ago, and to date, Plaintiff has not filed a response to the motion for summary judgment.

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the burden of persuasion at trial would be on the non-moving party, then the moving party may satisfy its burden of production by pointing to an absence of evidence supporting the non-moving party's case, after which the burden of production shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Williams v. West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989). Material facts are those "that could affect the outcome" of the proceeding. *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011).

On this record, Defendants have established the absence of any genuine issue of fact. Accordingly, summary judgment will be granted for Defendants if Plaintiff cannot demonstrate a genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Plaintiff's factual assertions, "if supported by affidavits or other evidentiary material, must be regarded as true . . . ." *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996). If "there is any evidence in the record from any source from which a reasonable inference in [Plaintiff's] favor may be drawn, [Defendants] simply cannot obtain a summary judgment." *Id.* at 1081 (internal

quotation marks omitted). Plaintiff has until October 7, 2024 to make and support such factual assertions, by affidavit or other acceptable evidence.

/s/ Richard G. Andrews<br>
United States District Judge